IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE McGUIRE, an adult individual, | CIVIL ACTION |
| Plaintiff, | NO. |
| vs. | |
| CITY OF PITTSBURGH, a municipal corporation; COLBY J. NEIDIG, individually and in his official capacities as a Police Officer of the City of Pittsburgh; and DAVID BLATT, individually and in his official capacities as a Police Officer of the City of Pittsburgh, | Electronically Filed<br><br>**JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

AND NOW, comes the Plaintiff, SHANE McGUIRE, an adult individual, by and through his attorneys, Mark A. Eck, Esquire, and the law firm of MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., and files the within Complaint, and in support thereof, avers as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C § 1343. Plaintiff raises claims under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and pendant state claims under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §§ 8541 et. seq., and other state legal principles.

{P1152686.1}

## PARTIES

2. Plaintiff Shane McGuire is a citizen of Pennsylvania, County of Allegheny, at all times material to this Complaint.

3. Defendant City of Pittsburgh (hereinafter "City"), is a municipal corporation within the Commonwealth of Pennsylvania, with administrative offices located at 414 Grant Street, 5th Floor, Room 512, Pittsburgh, Allegheny County, Pennsylvania 15219.

4. Defendant Officer Colby J. Neidig (hereinafter "Neidig") is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law at all times material to this Complaint.

5. Defendant Officer David Blatt (hereinafter "Blatt") is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law at all times material to this Complaint.

## STATEMENT OF FACTS

6. On or about November 10, 2012, the plaintiff, then a sixteen (16) year old minor was, with several other youths, walking through a City of Pittsburgh neighborhood.

{P1152686.1}

7. Plaintiff and the several other youths engaged in very minor acts of mischief such as smashing pumpkins left over from the previous week's Halloween celebrations.

8. Neidig became aware that the group of youths damaged a pumpkin on his lawn and chased the group ultimately apprehending the plaintiff.

9. Upon apprehension, Neidig proceeded to severely punch, head-butt, choke and otherwise beat the plaintiff, who was offering no resistance to him before or during the beating. Neidig did not call the police or wait for backup to arrive when he administered the beating, nor did he cease despite repeated cries and begging from the plaintiff for him to stop.

10. Upon completion of the unwarranted assault, Neidig then physically dragged the plaintiff to a nearby residence located at 816 Mooney Road, Munhall, PA 15120, whereupon Neidig identified himself as a police officer and demanded the residents call 9-1-1.

11. Officer Blatt was then dispatched to the scene after being called by Neidig and allegedly investigated the incident.

{P1152686.1}

12. Defendants, Blatt and Neidig jointly and severally decided to file an Incident Report against the Plaintiff charging Plaintiff with two (2) counts of loitering and prowling at nighttime, one (1) count of criminal mischief, one (1) count of harassment and one (1) count of criminal conspiracy, while knowing Plaintiff did not commit those crimes.

13. Neidig was not charged for his role in assaulting the plaintiff.

14. Defendants, Blatt and Neidig, jointly and severally, in preparing the Incident Report against the Plaintiff, willfully made false statements regarding the apprehension and detainment of the Plaintiff.

15. Plaintiff was detained and charged by Defendants, Blatt and Neidig, without probable cause.

16. Defendants jointly and severally subverted and corrupted the judicial process, to charge Plaintiff with crimes knowing the charges were false and knowing the evidence was fabricated.

17. Defendants jointly and severally violated Plaintiff's Fourth Amendment and Fourteenth Amendment in their apprehension and post-apprehension conduct.

18. Defendants jointly and severally caused Plaintiff to suffer severe and permanent physical and emotional injuries requiring medical treatment, together with medical expenses. Further, Defendants' said conduct caused Plaintiff loss of health and vitality, pain and suffering and humiliation.

**COUNT I**
**Excessive Use of Force under 42 U.S.C. § 1983**
**Shane McGuire v. Colby J. Neidig**

19. Plaintiff incorporates paragraphs 1 through 18 of this Complaint by reference hereto.

20. At the time and date aforementioned, Defendant Neidig used unreasonable and excessive force in the unlawful detention of Plaintiff.

21. Defendant Neidig punched, head-butted, choked and beat the Plaintiff, when in fact Plaintiff offered no resistance other than to protect himself.

22. Plaintiff at no time did or in fact was able to resist the Defendant Neidig who physically assaulted him.

23. As a direct result of the said unlawful and malicious conduct of Defendant Neidig committed under color of law and under the Defendant Neidig's authority as a City of Pittsburgh Police Officer, Plaintiff suffered serious bodily harm and was deprived of his right to secure his person against unreasonable search and seizure of his person,

and the use of excessive force, all of which was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

24.  As a direct result of Defendant Neidig's conduct, Plaintiff sustained following injuries, some or all of which are or may be permanent:

   a.  Closed reduction nasal fracture;

   b.  Pain in nose and face and disfigurement;

   c.  Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

   d.  Nervousness, emotional tension and anxiety.

25.  As a direct result of Defendant Neidig's conduct, Plaintiff sustained the following damages, some or all of which are or may be permanent or continuous:

   a.  He has endured, and will continue to endure pain, suffering, inconvenience, embarrassment, mental anguish, disfigurement and monetary expenditures for the care of his injury;

   b.  He has been, and will be required to expend money for medical treatment and care, surgery, medical supplies, medicines and other services;

   c.  His general health, strength and vitality have been impaired; and

   d.  He has suffered loss of social pleasures and enjoyments.

26. Defendant Neidig's acts were intentional, wanton, malicious and oppressive, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests judgment against Defendant Neidig for compensatory damages and for punitive damages, including costs of this action, attorney fees and all other relief the Court deems appropriate under the circumstances.

## COUNT II
### Failure to Intervene under 42 U.S.C. § 1983
### Shane McGuire v. David Blatt

27. Plaintiff incorporates paragraphs 1 through 26 of this Complaint by reference hereto.

28. Defendant Neidig used excessive force, unlawfully seized and falsely detained the Plaintiff.

29. Upon arrival to the scene where Plaintiff and Defendant Neidig were located, Defendant Blatt had reason to know that a constitutional violation had occurred after learning that Plaintiff had a broken nose and that he needed to be transported to the hospital.

30. Defendant Blatt had a duty and opportunity to intervene and prevent the Plaintiff from being unlawfully seized and falsely detained.

{P1152686.1}

31.    Defendant Blatt failed to intervene to prevent the Plaintiff from being deprived of his rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff requests judgment against the Defendant Blatt, for compensatory and punitive damages, plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

### COUNT III
### Conspiracy under 42 U.S.C. § 1983
### Shane McGuire v. Colby J. Neidig and David Blatt

32.    Plaintiff incorporates paragraphs 1 through 31 of this Complaint by reference hereto.

33.    Defendants Neidig and Blatt, together, reached an agreement or understanding to deprive him of and to violate Plaintiff's constitutional rights under color of law.

34.    Defendants Neidig and Blatt, acting together, falsely, maliciously and unlawfully detained and cited the Plaintiff for alleged criminal acts.

35.    Defendants Neidig and Blatt, acting together deprived Plaintiff of his rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

{P1152686.1}

36. By reason of Defendants' conduct, Plaintiff was deprived of his liberty, subjected to a juvenile criminal proceeding and required to obtain legal counsel.

37. Plaintiff was required to expend monies for legal defense, investigation and other costs as a result of Defendants' said conduct.

WHEREFORE, Plaintiff requests judgment against the Defendants Neidig and Blatt, jointly and severally, for compensatory and punitive damages, plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

### COUNT IV
*False Arrest and Imprisonment under 42 U.S.C. § 1983*
*Shane McGuire v. Colby J. Neidig and David Blatt*

38. Plaintiff incorporates paragraphs 1 through 37 of this Complaint by reference hereto.

39. Defendants Neidig and Blatt, acting individually and together, caused Plaintiff to be falsely, maliciously and unlawfully detained, and Plaintiff was deprived of his rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

40. By reason of Defendants' conduct, Plaintiff was deprived of his liberty, subjected to juvenile proceeding and required to obtain legal counsel.

{P1152686.1}

41.     Plaintiff was required to expend monies for legal defense, investigation and other costs as a result of Defendants' said conduct.

WHEREFORE, Plaintiff requests judgment against the Defendants Neidig and Blatt, jointly and severally, for compensatory and punitive damages, plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

### COUNT V
*Initiation and Pursuit of Prosecution without Probable Cause under 42 U.S.C. § 1983*
*Shane McGuire v. Colby J. Neidig and David Blatt*

42.     Plaintiff incorporates paragraphs 1 through 41 of this Complaint by reference hereto.

43.     Defendants Neidig and Blatt, acting individually and together in concert, caused the criminal charges of two (2) counts of loitering and prowling at nighttime, one (1) count of criminal mischief, one (1) count of harassment and one (1) count of criminal conspiracy to be issued against Plaintiff and assisted in the prosecution of those charges.

44.     Defendants Neidig and Blatt were each motivated in the pursuit of criminal charges against Plaintiff, not by the belief that the charges had any factual or legal merit, or that probable cause for their issuance existed, but rather for improper, illegal and abuse purposes.

{P1152686.1}

45. Defendants Neidig and Blatt falsified their official reports, offered perjured testimony, falsified the Affidavit of Probable Cause, fabricated evidence and illegally disposed of physical evidence, all of which was done with the intent to secure a conviction against the Plaintiff.

46. Defendants Neidig and Blatt initiated false criminal charges against Plaintiff to protect themselves from civil and criminal liability, believing that charging the Plaintiff with crimes could cover up and justify Defendants' crimes against Plaintiff as set out herein.

47. Defendants' conduct violated both the Fourth and Fourteenth Amendments of the United States Constitution and was done with the specific intent to corrupt the criminal process and utilize it to frame Plaintiff.

48. Plaintiff ultimately was judicially exonerated of all charges in the juvenile criminal proceeding.

WHEREFORE, Plaintiff requests judgment against the Defendants Neidig and Blatt, jointly and severally, for compensatory and punitive damages, plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

{P1152686.1}

### COUNT VI
*Municipal Liability – For Failure to Properly Train, Supervise and Discipline under 42 U.S.C. § 1983*
*Shane McGuire v. City of Pittsburgh*

49.     Plaintiff incorporates paragraphs 1 through 48 of this Complaint by reference hereto.

50.     Plaintiff alleges that prior to and following the dismissal of the criminal charges against him as a result of the actions of the District Attorney, the Superintendent of the Police Department of the City of Pittsburgh, acting through his supervising agents, failed to make any inquiry or investigation, or in any way appropriately disciplined the offending police officers.

51.     Plaintiff, based upon information and upon the circumstances surrounding his contact with the Police Department of City of Pittsburgh, believes that there exists, and has existed for a time prior to the incident relating to the Plaintiff, a deliberate indifference by the Defendant City to the complaints of citizens regarding the alleged improper actions of its police officers.

52.     As a result of the deliberate indifference of the Defendant City and its failure to properly discipline, supervise and adequately train the members of its Police Department, and the actions taken against the Plaintiff, said Defendant City, through its supervising agents, has tacitly authorized, as well as initiated, a pattern and practice which has permitted and/or will permit police officers, such as the Defendants herein, to

violate the United States Constitution, 42 U.S.C. § 1983 and the laws of the Commonwealth of Pennsylvania.

53. Plaintiff further alleges, upon information and belief, that the supervising agents responsible for overseeing and reviewing acts of the Defendant City's Police Department have also failed to establish a training program, disciplinary or supervisory procedures adequate to enable police officers to carry out their duties.

54. Plaintiff further alleges, upon information and belief, that:

   a. The Defendant City failed to train, supervise and discipline its police officers;

   b. Any program that was provided by the Defendant City to train, supervise and discipline its police officers was inadequate to enable said officers to carry out their duties;

   c. The Defendant City was aware of the obvious need for and inadequacy of said programs, so as to result in the violation of Constitutional rights;

   d. The Defendant City knew or should have known that the failure to properly train, supervise and discipline its police officers was likely to result in the violation of Constitutional rights;

   e. The Defendant City policymakers were deliberately indifferent to the need for such training, supervision and discipline to protect the rights of Plaintiff and other citizens; and

   f. The failure of the Defendant City to provide the proper training, supervision and discipline has caused the Plaintiff and others to suffer violations of their Constitutional rights and created an environment which encourages police officers to take the law into their own hands.

55. All of the above actions have in the past contributed, and will in the future continue to contribute, to the improper treatment of citizens of Defendant City, and those passing through its physical boundaries, so as to imply, by its failure to act, that

{P1152686.1}

the Defendant City tacitly authorizes a pattern and practice as previously set forth herein.

56. As a direct and proximate result of the Defendants' actions as herein alleged, Plaintiff was caused to suffer physical and emotional injuries, some of which may be permanent; has suffered special damages in the form of medical expenses; was required to obtain legal counsel, at substantial expense and inconvenience, and will suffer additional special damages in the future, the amounts of which have not been fully determined.

WHEREFORE, Plaintiff requests judgment against Defendant City of Pittsburgh for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT VII
*State Cause of Action – Malicious Prosecution Based on Pendant Jurisdiction and Pursuant to Pennsylvania State Law*
*Shane McGuire v. Colby J. Neidig, David Blatt and the City of Pittsburgh*

57. Plaintiff incorporates paragraphs 1 through 56 of this Complaint by reference hereto.

58. Defendants attempted to maliciously prosecute Plaintiff by:

  a. The initiation of a juvenile proceeding against the Plaintiff;

  b. The absence of probable cause for the initiation of a juvenile proceeding against the Plaintiff;

  c. The termination of the proceedings in favor of the Plaintiff; and

d.   The Defendants acted maliciously, wantonly, and recklessly.

59.   As a result of Defendants' actions as aforementioned, Plaintiff was caused to expend funds on the securing of legal counsel to assist him in the defense of the juvenile proceeding aforementioned.

60.   As a result of Defendants' actions as aforementioned, Plaintiff was caused to suffer pain and suffering, humiliation and distress.

WHEREFORE, Plaintiff requests judgment against Defendant City of Pittsburgh and Defendants Neidig and Blatt for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate.

### COUNT VIII
*State Cause of Action – Pendant Jurisdiction - False Imprisonment per Pennsylvania Law*
*Shane McGuire v. Colby J. Neidig and David Blatt*

61.   Plaintiff incorporates paragraphs 1 through 60 of this Complaint by reference hereto.

62.   Defendants Colby J. Neidig and David Blatt knowingly restrained Plaintiff so as to interfere substantially with his liberty, which caused his injuries and damages previously set forth.

WHEREFORE, Plaintiff requests judgment against Defendants Neidig and Blatt for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT IX
*State Cause of Action – Pendant Jurisdiction - Assault and Battery Pursuant to Pennsylvania Law*
*Shane McGuire v. Colby J. Neidig*

63.  Plaintiff incorporates paragraphs 1 through 62 of this Complaint by reference hereto.

64.  Defendant Neidig intentionally, knowingly or recklessly caused bodily injury to Plaintiff, which caused his injuries and damages previously set forth.

WHEREFORE, Plaintiff requests judgment against Defendant Neidig for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### *RELIEF*

WHEREFORE, Plaintiff requests the following relief from the Defendants herein:

a.  Declaratory judgment that the policies and practices, and the acts complained of, are illegal and unconstitutional;

b.  Permanent injunction limiting the Defendants contact with the public;

c.  Compensatory damages;

d.  Punitive damages;

e. Reasonable attorney fees and costs; and

f. Such other and further relief as appears reasonable and just.

**JURY TRIAL DEMANDED**

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

By: /s/ Mark A. Eck
MARK A. ECK, ESQUIRE
PA I.D. No. 34613
Attorneys for Plaintiff

U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
meck@mdbbe.com
(412) 261-6600