# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE MCGUIRE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-1531 |
| | : | |
| COLBY J. NEIDIG | : | |

KEARNEY, J.       April 7, 2017

## MEMORANDUM

Federal civil rights laws allow us to award reasonable attorney's fees and costs incurred by a citizen who convinces the jury a police officer deprived him of civil rights by engaging in excessive force. Civil rights litigation requires a citizen's vigorous advocacy against the state and we hesitate to second-guess the steps taken to persuade a jury. But citizens cannot compel police officers to pay fees and costs for efforts leading to unsuccessful claims.

Our jury unanimously found off-duty Pittsburgh police officer Colby Neidig violated teenager Shane McGuire's civil rights by using excessive force upon him on November 12, 2012 in immediate response to Mr. McGuire's admittedly stupid pranks on the front porch of the Neidig family home on a weekend evening. Mr. McGuire is entitled to recover his fees and costs incurred in establishing Officer Neidig's excessive force acting under color of state law but not for time incurred solely pursuing dismissed parties, working with barred experts, or for clerical duties. Our accompanying Order balances these principles after review of detailed records and awards $170,746.95 in reasonable fees and costs incurred by Mr. McGuire in prevailing on his civil rights excessive force claim against Officer Neidig.

## I. Background

Mr. McGuire initially sued the City of Pittsburgh and its police officers Colby Neidig and David Blatt alleging: (a) Officer Neidig violated his civil rights by excessive force, assault, and battery; (b) Officer Blatt violated his civil rights by not intervening; (c) both police officers violated his civil rights through conspiracy, false arrest/imprisonment and malicious prosecution; both police officers are liable for false imprisonment under Pennsylvania Law; (d) both the City and officers owed damages under Pennsylvania malicious prosecution law; and, (e) the City should be separately liable under the civil rights law for failure to train, supervise, and discipline its officers.[1]

We initially dismissed Mr. McGuire's claims against Officer Blatt before discovery.[2] Mr. McGuire then proceeded into discovery only against the City for failure to train, supervise, and discipline and against Officer Neidig for excessive force, assault, and battery.[3] Following discovery, we dismissed his claims against the City but allowed Mr. McGuire to try his civil rights excessive force and state law assault and battery claims against Officer Neidig who defended by arguing, among other things, he did not act under color of state law, an issue the parties vigorously disputed.[4] Before trial, we excluded Mr. McGuire's proffered expert testimony of criminologist Paul McCauley, PhD, FACFE, finding his opinions on the issues of excessive force and color of law constituted impermissible legal opinions.[5] Although the City listed Officer Blatt as a witness in its pretrial memorandum, the City did not call him as a witness.

After trial, the jury found Officer Neidig acted under color of state law and used excessive force. We entered judgment in favor of Mr. McGuire for $75,000 against Officer

Neidig for violating Mr. McGuire's civil rights through excessive force under the Fourth Amendment.

Mr. McGuire now moves for attorneys' fees and costs under 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54.[6] He requests $192,115.00 in attorney's fees and $10,171.97 in costs. As to attorney's fees, he calculates 358.3 hours of work at $450 per hour for Attorney Mark A. Eck, 142.6 hours at $200 per hour for Attorney Amanda Nese,[7] and 11.8 hours at $200 per hour for Attorney Katie Van Hoey.[8]

Officer Neidig does not object to the reasonableness of the hourly rates. He objects to certain fees and costs expended on: (a) unsuccessful claims dismissed before trial against the City and Officer Blatt; (b) expert coordination with Mr. McCauley; (c) clerical tasks; (d) intraoffice conferences/communications; (e) excessive time preparing certain pleadings and documents; and (e) printing and color copying costs.[9] We agree in part.

## II. Analysis

Under §1988, we may award a reasonable attorney's fee to Mr. McGuire after he prevailed against Officer Neidig in enforcing his civil rights.[10] In determining a reasonable fee, we use the lodestar method of calculating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[11] The fee applicant bears the ultimate burden of showing its fees are reasonable.[12] We may only reduce an award in response to a specific objection made by an opposing party.[13] We conduct "a thorough and searching analysis" of a fee application.[14]

We may not award fees for work expended on unsuccessful claims which are "not related to the claims on which the attorney succeeded.'"[15] To reduce hours expended on unsuccessful

3

claims, we must ensure the claims are sufficiently distinct from the successful claims.[16] In other words, the unsuccessful claims cannot "depend on the same sets of facts and legal theories as the claims on which the party has succeeded."[17] This is because time expended on related successful and unsuccessful claims is "difficult to divide . . . on a claim-by-claim basis."[18]

Mr. McGuire has the burden of proving "the time spent pursuing the unsuccessful claims contributed in any way to his success on his remaining claims."[19] "It is incumbent on the fee applicant . . . to 'maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.'"[20] If we lack specific time entries indicating how the attorneys spent time on distinct claims, we may reasonably use the information available to us to estimate a proper division of time.[21]

### A. We deduct fees incurred in suing the City and unrelated to work necessary to show color of state law.

Officer Neidig seeks to deduct time Mr. McGuire's counsel expended on litigating the claims against the City because "the claims against the City are wholly separate and distinct from the claims against Officer Neidig."[22] Mr. McGuire argues it is irrelevant the claims are distinct because the discovery he sought from the City also related to the color of law and excessive force issues.[23]

We will allow Mr. McGuire to recover fees expended on litigating the color of state law issues against the City, but not for unrelated work. We evaluated the time entries. Many efforts involved exploring Officer Neidig's duties as a state actor to assist in showing the jury how his actions on the weekend evening of November 12 derive from his police training. We heard credible testimony of Officer Neidig resorting to police training and acting as he would in pursuing a target for his police role. But Mr. McGuire has not shown some billing entries are

4

compensable as related to Officer Neidig's state actor liability:

| Date | Time Keeper | Narrative | Hours | Requested Hourly Rate | Value |
|------|-------------|-----------|-------|----------------------|-------|
| 7/14/2016 | MAE | Review and analysis of Motion for summary judgment and brief filed on behalf of City of Pittsburgh. | 2.40 | 450 | 1080.00 |
| 7/19/2016 | ALP | Conducted research on municipality's liability in preparation of response in opposition to the City of Pittsburgh's Motion for summary judgment. | 1.70 | 200 | 340.00 |
| 7/21/2016 | ALP | Reviewed OMI and City documents in order to prepare response in opposition to the City of Pittsburgh's Motion for summary judgment. | 2.50 | 200 | 500.00 |
| 7/29/2016 | ALP | Prepared response in opposition to the City of Pittsburgh's Motion for summary judgment. | 4.40 | 200 | 880.00 |
| 8/5/2016 | ALP | Prepared response in opposition to City of Pittsburgh's Motion for summary judgment. | 1.70 | 200 | 340.00 |
| 8/9/2016 | ALP | Prepared response in opposition to the City of Pittsburgh's Motion for summary judgment. | 6.50 | 200 | 1300.00 |
| 8/10/2016 | ALP | Finalized response in opposition to the City of Pittsburgh's Motion for summary judgment. | 5.90 | 200 | 1180.00 |
| 8/10/2016 | MAE | Review and analysis of initial draft of response to City's Motion for summary judgment and proposed exhibits; review and corrections to same and discussion with office associate concerning needed changes. | 3.40 | 450 | 1530.00 |

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/11/2016 | ALP | Finalized response in opposition to City's Motion for summary judgment. | 4.60 | 200 | 920.00 |
| 8/11/2016 | MAE | Review of amended brief in opposition to City's Motion for summary judgment and corrections to same and additional discussion with office associate concerning amending same. | 2.60 | 450 | 1170.00 |
| 8/12/2016 | ALP | Final edits to response in opposition to City's Motion for summary judgment | 1.70 | 200 | 340.00 |
| 8/12/2016 | MAE | Continued review of response in opposition to City of Pittsburgh's Motion for summary judgment and corrections to same; review of relevant case law and exhibits and other information for attachment to response and discussion with office associate concerning same. | 4.20 | 450 | 1890.00 |
| 8/19/2016 | MAE | Review of relevant case law concerning scope of proof necessary as to City of Pittsburgh and preparation of targeted discovery to City. | 5.20 | 450 | 2340.00 |
| 8/26/2016 | ALP | Examination of the City's reply to McGuire's response in opposition to Motion for summary judgment. | 0.20 | 200 | 40.00 |
| 8/26/2016 | MAE | Review and analysis of City of Pittsburgh's brief in reply to plaintiff's response to Motion for summary judgment and various attachments thereto. | 3.50 | 450 | 1575.00 |
| 9/1/2016 | ALP | Reviewed case law cited in the City's reply brief. | 0.40 | 200 | 80.00 |
| 9/2/2016 | ALP | Prepared sur-reply brief to the City of Pittsburgh's reply brief. | 2.70 | 200 | 540.00 |
| 9/6/2016 | ALP | Revised sur-reply to the City's reply in support of MSJ. | 0.40 | 200 | 80.00 |

6

| 9/6/2016 | MAE | Review and suggested corrections to sur-reply to City of Pittsburgh's response on Motion for summary judgment. | 1.10 | 450 | 495.00 |
|---|---|---|---|---|---|
| TOTAL | | | | | 16,620.00 |

These entries relate to Mr. McGuire hoping to prove the City's independent liability. We held Mr. McGuire could not establish claims against the City. Neither party presented evidence at trial regarding the City's liability. We deduct $16,620 as expended entirely on estabishing the City's liability with no adduced facts the work also addressed Officer Neidig acting under color of state law.

### B. We deduct fees relating to Paul McCauley.

Officer Neidig argues we should deduct fees expended on Mr. McGuire's proffered expert, Mr. McCauley, because we excluded his testimony. Mr. McGuire responds although we excluded Mr. McCauley's expert testimony, we should allow these fees because his counsel acted prudently by retaining Mr. McCauley. We stand by our February 14, 2017 Order precluding Mr. McCauley's expert testimony on the excessive force and color of law issues because his proposed opinions constituted improper legal opinions. These issues are unrelated to the jury's verdict because the jury never heard from Mr. McCauley or any similar expert.

We deduct fees expended on retaining, working with and defending Mr. McCauley legal conclusions in the guise of an expert opinion:

| Date | Time Keeper | Narrative | Hours | Requested Hourly Rate | Value |
|---|---|---|---|---|---|
| 11/11/2014 | ALP | Searched for experts to testify. | 0.80 | 200 | 160.00 |
| 11/11/2014 | MAE | Review of local databases and other sources concerning potential retention of case expert. | 2.40 | 450 | 1080.00 |
| 11/17/2014 | ALP | Review of various resumes of potential experts to retain in matter. | 2.50 | 200 | 500.00 |
| 11/19/2014 | MAE | Telephone call to Randall Paul McCauley concerning potential retention as expert in matter. | 0.20 | 450 | 90.00 |
| 11/20/2014 | MAE | Lengthy telephone conversation with Paul McCauley concerning background of matter and potential for representation in case. | 0.80 | 450 | 360.00 |
| 11/21/2014 | MAE | E-mail to Mr. McCauley of copy of complaint in anticipation of retention as expert. | 0.40 | 450 | 180.00 |
| 11/24/2014 | ALP | Prepared retainer letter for expert. | 0.10 | 200 | 20.00 |
| 5/21/2015 | MAE | Review and analysis of materials as received from expert concerning potential questioning during depositions. | 3.20 | 450 | 1440.00 |
| 8/20/2015 | MAE | E-mail exchanges with expert concerning court's opinion and discovery materials received and need for additional information. | 0.60 | 450 | 270.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 4/13/2016 | MAE | Discussion with expert Mr. McCauley concerning status of expert report. | 0.30 | 450 | 135.00 |
| 4/15/2016 | MAE | Receipt and review of draft of Mr. McCauley's expert report. | 2.50 | 450 | 1125.00 |
| 4/18/2016 | MAE | Review and analysis of initial draft of report from expert Mr. McCauley and notations on same. | 2.50 | 450 | 1125.00 |
| 4/18/2016 | ALP | Reviewed juvenile records in order to correct expert report of Paul McCauley. | 0.30 | 200 | 60.00 |
| 4/22/2016 | MAE | Continued review of draft of expert McCauley's report and discussion with Mr. McCauley concerning same and separate letter to Dr. Greg Habib concerning review of medical records for Shane and potential issuance of expert report as required by rules and forwarding of records and other information to Dr. Habib. | 6.20 | 450 | 2790.00 |
| 2/7/2017 | KMV | Examination of file materials related to the Defendant's Motion in limine to exclude the testimony of Paul McCauley. | 1.50 | 200 | 300.00 |
| 2/7/2017 | KMV | Begin research on case law related to Daubert challenges and Rules 702/704. | 1.70 | 200 | 340.00 |
| 2/8/2017 | MAE | Discussion with office associate concerning response to motion to strike testimony of Dr. McCauley, and strategy concerning handling same. | 0.80 | 450 | 360.00 |
| 2/8/2017 | KMV | Continued research on case law related to Daubert challenges and Rules 702/704. | 0.50 | 200 | 100.00 |

| 2/10/2017 | MAE | Review of proposed response concerning motion to strike Mr. McCauley. | 0.80 | 450 | 360.00 |
| TOTAL | | | | | 10,795.00 |

## C. We deduct fees for delegable clerical or administrative tasks.

Clerical or administrative tasks which could have been delegated to non-professionals are not compensable.[24] "[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable."[25] We reduce Mr. McGuire's requested fees to the extent he seeks compensation for delegable clerical or administrative tasks:

| Date | Time Keeper | Narrative | Hours | Requested Hourly Rate | Value |
| --- | --- | --- | --- | --- | --- |
| 11/13/2014 | ALP | Created binder of all documents in possession. | 1.50 | 200 | 300.00 |
| 11/17/2014 | ALP | Searched for documents. | 0.50 | 200 | 100.00 |
| 11/18/2014 | ALP | Prepared binder for expert. | 0.50 | 200 | 100.00 |
| 2/10/2015 | ALP | Telephone call to John Noble to schedule ENE. | 0.10 | 200 | 20.00 |
| 2/11/2015 | ALP | Telephone call to John Nobel about early neutral evaluation. | 0.10 | 200 | 20.00 |
| 2/13/2015 | ALP | Scheduled ENE with John Nobel | 0.10 | 200 | 20.00 |
| 3/18/2015 | ALP | Telephone call to Michele of John Nobels office regarding rescheduling of ENE. | 0.10 | 200 | 20.00 |

| 4/9/2015 | ALP | Prepared binder for expert enclosing additional documents. | 0.60 | 200 | 120.00 |
|---|---|---|---|---|---|
| 10/27/2015 | ALP | Telephone conference with CSI regarding personal service of subpoena. | 0.20 | 200 | 40.00 |
| 11/21/2016 | ALP | Telephone call to John Nobel regarding mediation. | 0.10 | 200 | 20.00 |
| 11/22/2016 | ALP | Email to John Nobel regarding mediation. | 0.10 | 200 | 20.00 |
| 11/29/2016 | ALP | Various email correspondence with Michele of Nobel mediation regarding scheduling of McGuire mediation. | 0.30 | 200 | 60.00 |
| 11/29/2016 | MAE | Various e-mail exchanges with counsel concerning scheduling of mediation. | 0.80 | 450 | 360.00 |
| 11/30/2016 | MAE | Confirmation with mediator's office as to time and set for mediation, e-mails to counsel concerning same. | 0.50 | 450 | 225.00 |
| TOTAL | | | | | 1,425.00 |

### D. We deduct fees relating to Mr. McGuire's unsuccessful claims against Officer Blatt.

Officer Neidig argues we should deduct fees expended on Mr. McGuire's unsuccessful claims against Officer Blatt, contesting only four billing entries relating to counsel's review and preparation of discovery materials concerning Officer Blatt. Mr. McGuire responds he is entitled to these fees because Officer Neidig listed him as a potential witness in his pretrial memorandum. Mr. McGuire contends he would have reviewed the discovery materials—including Officer Blatt's personnel file—regardless of Officer Blatt's status as a defendant.

11

Mr. McGuire has not shown the challenged billing entries contributed to success on his claims against Officer Neidig. These billing entries have to do with discovery materials reviewed and prepared prior to our Order dismissing Officer Blatt from this case in August 2015. Officer Neidig does not challenge billing entries relating to counsel's deposition of Officer Blatt in 2016, including entries concerning counsel's review of discovery materials in preparation of the deposition. We accordingly deduct the following 2015 billing entries expended on review and preparation of discovery materials relating to the unsuccessful claims against Officer Blatt:

| Date | Time Keeper | Narrative | Hours | Requested Hourly Rate | Value |
|---|---|---|---|---|---|
| 5/28/2015 | MAE | Review and analysis of personnel file materials of Officer Blatt. | 2.60 | 450 | 1170.00 |
| 6/2/2015 | MAE | Review of interrogatories of Defendant Blatt directed to Shane McGuire. | 0.50 | 450 | 225.00 |
| 6/3/2015 | MAE | Review and analysis of Officer David Blatt's personnel file as produced by City. | 1.40 | 450 | 630.00 |
| 6/4/2015 | MAE | Preparation of proposed responses to discovery and request for production of documents directed to Shane by Officer Blatt. | 1.50 | 450 | 675.00 |
| TOTAL | | | | | 2,700.00 |

### E. We allow the remaining challenged fees and costs.

Officer Neidig objects to excessive printing costs, including costs of printing color copies. As to the printing costs, Mr. McGuire responds the costs accurately reflect each document printed and charged by the law firm. Under 28 U.S.C. § 1920, we may tax as costs any fees expending on printing.[26] "[T]here is a 'strong presumption' that costs are to be awarded to the prevailing party."[27] The losing party bears the burden of establishing the award of costs would be inequitable.[28]

Officer Neidig does not meet its burden of showing the objected-to printing costs are inequitable. Although he claims the color printing costs were unnecessary, he did not provide evidence in support. We decline to reduce the printing costs.

Officer Neidig argues Mr. McGuire's counsel charged excessive fees for intraoffice communications. Mr. McGuire contends these fees are reasonable.

Reasonable lawyers are expected to communicate about a case at reasonable times throughout the litigation.[29] We may, however, deduct fees expended on excessive intraoffice communications.[30] For example, in *Citibank N.A. v. Hicks*, the plaintiff requested fees for over 100 hours expended on attorney conferences.[31] The court deemed these fees excessive and deducted them by fifty percent.[32]

Upon reviewing the fees Mr. McGuire's counsel charged for intraoffice communications, which amount to a meager 2.6 billable hours, we find these fees are reasonable.

After careful review of the remaining fees, included the fees specifically objected to as excessive, we find these fees reasonable.

### III. Conclusion

We grant in part Mr. McGuire's Motion for attorney's fees and costs. We deduct challenged fees for efforts to support unsuccessful claims against the City and Officer Blatt which are unrelated to the claims against Officer Neidig. We also deduct fees expended on efforts related to Paul McCauley and delegable clerical or administrative tasks. The remaining fees and costs charged are reasonable.

---

[1] ECF Doc. No. 16.

[2] ECF Doc. No. 37.

[3] ECF Doc. No. 37.

[4] ECF Doc. No. 61.

[5] ECF Doc. No. 99.

[6] ECF Doc. No. 122.

[7] Ms. Nese—formerly Ms. Ponsurick—changed her last name during this litigation.

[8] ECF Doc. No. 122.

[9] ECF Doc. No. 127, at pp. 3–4.

[10] *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).

[11] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[12] *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).

[13] *Id.* at 711.

[14] *Id.* at 703 n.5 (quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).

[15] *McKenna*, 582 F.3d at 455 (quoting *Hensley*, 461 U.S. at 434–35).

[16] *Id.*

[17] *Id.* at 457.

[18] *Id.* (quoting *Hensley*, 461 U.S. at 435).

[19] *Id.* at 457–58 (quoting *Hensley*, 461 U.S. at 435) (brackets omitted).

[20] *Id.* at 458 (quoting *Hensley*, 461 U.S. at 437).

[21] *Id.* at 458.

[22] ECF Doc. No. 127, at p. 7.

[23] ECF Doc. No. 128, at p. 3.

[24] *Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey*, 297 F.3d 253, 266 (3d Cir. 2002) (quoting *Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)).

[25] *Id.*

[26] 28 U.S.C. 1920(3).

[27] *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000)).

[28] *Id.* at 288.

[29] *Sch. Dist. of Philadelphia v. Deborah A.*, No. 08-2924, 2011 WL 2681234, at *3 (E.D. Pa. July 8, 2011); *Citibank, N.A. v. Hicks*, No. 03-2283, 2004 WL 1895189, at *6 (E.D. Pa. Aug. 24, 2004) (recognizing "the value of attorney communication and conferencing in preparation and daily management of a lawsuit").

[30] *Citibank*, 2004 WL 1895189, at *6.

[31] *Id.*

[32] *Id.*