IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SHANE MCGUIRE | : CIVIL ACTION |
|---|---|
| v. | : NO. 14-1531 |
| COLBY J. NEIDIG | : |

KEARNEY, J.  May 1, 2017

## MEMORANDUM

After losing a jury verdict finding he violated constitutional rights through excessive force, a defendant off-duty police officer may wish he chose another strategy including suing his employer City for indemnity if the jury found he acted under color of state law. Following the verdict, the defendant may separately seek indemnity from his employer in a court of competent jurisdiction. But we cannot allow the parties, solely in the hope of finding a deeper pocket to pay the pending judgment, to amend judgments and travel back in time to allow the defendant to add the state law indemnity claim in his Answer filed over two years ago. Defendant police officer and his competent experienced counsel chose not to sue his employer City for indemnity. The officer denied acting under of color of state law and the jury disagreed. This case is now over with no pending appeals. We deny the parties' joint motion for a Rule 60(b)(6) amendment to re-open our Judgment in the accompanying Order

### I.  Background

On November 7, 2014, Shane McGuire sued Pittsburgh Police Officer Colby Neidig for excessive force under 42 U.S.C. § 1983 and related state law claims following an altercation between Officer Neidig (while off-duty) and Mr. McGuire resulting in injuries to Mr. McGuire.[1]

Officer Neidig, through experienced counsel, simultaneously answered the Complaint and moved to dismiss the §1983 claim, arguing he did not act under color of state law when he caused Mr. McGuire's injuries while off duty.[2] Officer Neidig did not crossclaim against the City for indemnification.

On January 30, 2015, Mr. McGuire filed an Amended Complaint with more factual allegations.[3] Officer Neidig answered the Amended Complaint and moved to dismiss, maintaining his argument he did not act under color of state law.[4] Judge Cercone denied his motion, finding Officer Neidig's alleged actions consistent with the actions of a police officer and satisfying the color of state law requirement on a pleadings standard.[5] At no time during the pleadings stage did Officer Neidig argue the City had an obligation to indemnify him, and despite having multiple opportunities to crossclaim for indemnification, Officer Neidig did not do so.

On July 12, 2016, Officer Neidig moved for summary judgment, arguing insufficient facts to find he acted under color of state law.[6] We denied the motion, finding "the totality of the circumstances permit the reasonable inference Officer Neidig committed the alleged misconduct while 'clothed with the authority of state law.'"[7]

We held a jury trial resulting in a verdict for Mr. McGuire on all claims. As to the §1983 claim, the jury found Mr. Neidig acted under color of state law, used excessive force, and caused Mr. McGuire injuries.[8] We entered judgment in favor of Mr. McGuire and against Officer Neidig for $75,000 and awarded over $170,000 in attorney's fees and costs to Mr. McGuire's counsel.[9]

The parties now jointly move for relief from the jury verdict and judgment under Federal Rule of Civil Procedure 60(b)(6). According to the parties, the City refuses to indemnify Mr. Neidig. The parties request we reopen the case to allow Officer Neidig to amend his February 9,

2

2015 Answer to Mr. McGuire's Amended Complaint to crossclaim for indemnity against the City.

## II. Analysis

A party seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances" justifying the reopening of judgment.[10] Extraordinary circumstances generally require showing "an 'extreme' and 'unexpected' hardship will result" absent relief from judgment.[11]

"But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices."[12] For example, our Court of Appeals held a change in the decisional law following a parties' stipulation of dismissal of claims affected by the change did not constitute an extraordinary circumstance, noting the parties knew there were pending legal challenges relevant to the dismissed claims.[13] Similarly, the Supreme Court refused to grant Rule 60(b)(6) relief to a denaturalized German citizen who chose to not appeal the denaturalization order, even though the German citizen's brother successfully appealed his denaturalization order.[14] The Court explained, "His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong."[15]

Officer Neidig chose not to sue the City for indemnification. Experienced defense counsel represented him at every step. His choice is consistent with his long-held argument he acted as a private citizen and not under the color of state law. Whatever the reason for his decision to not sue the City for indemnification, his choice "was a risk, but calculated and deliberate."[16] Although a judgment against Officer Neidig may impose a hardship upon him and Mr. McGuire may not be able to recover his judgment from Officer Neidig, these effects result

3

from decisions made during the case and resolved by the jury, and we find no extraordinary circumstances outside of Officer Neidig's control warranting relief from judgment.

### III. Conclusion

We deny the joint Rule 60(b)(6) motion for relief from the judgment in the accompanying order.

---

[1] Mr. McGuire also sued the City of Pittsburgh and Pittsburgh Police Officer David Blatt. Judge Cercone dismissed the claims against Officer Blatt at the pleadings stage. ECF Doc. No. 37. We dismissed the supervisory liability claims against the City at the summary judgment stage. ECF Doc. No. 61. Neither party asked for reconsideration of the dismissal orders or appealed these orders.

[2] ECF Doc. No. 10.

[3] ECF Doc. No. 16.

[4] ECF Doc. No. 17, ¶ 3.

[5] ECF Doc. No. 37, at p. 7.

[6] ECF Doc. No. 47.

[7] ECF Doc. No. 60, at p. 8.

[8] ECF Doc. No. 119.

[9] ECF Doc. Nos. 126, 129.

[10] *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005)).

[11] *Id.* (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

[12] *Id.* (citing *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 274 (3d Cir. 2002)).

[13] *Coltec Indus., Inc.*, 280 F.3d at 274.

[14] *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

---

[15] *Id.*

[16] *Id.*